## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**VICTORIA HARRIS**,                                        Civ.A.No. 18-13638

                              Plaintiff,                        JUDGE

***versus***                                                   MAGISTRATE

**ORLEANS PARISH SHERIFF MARLIN N. GUSMAN,** *individually and officially*;
**DEPUTY BRANDON SAVAGE,** *individually and officially*;
**MAJOR DEPUTY NICOLE HARRIS**, *individually and officially*;
**DEPUTY KEVIN TALLEY**, *individually and officially*.

                              Defendants.                  **JURY DEMANDED**

---

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Victoria Harris, an individual of full age of majority residing in the Parish of Orleans, State of Louisiana, who respectfully avers the following complaint for damages:

### JURIDICTION AND VENUE

**1.**

The jurisdiction of this honorable court is established pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343, 42 U.S.C. § 1983, 42 U.S.C. § 2000e, 28 U.S.C. § 2201 *et seq.* (declaratory relief).  The plaintiff alleges violations of applicable federal laws and her constitutional rights under the United States Constitution.

**2.**

Venue is appropriate pursuant to 28 U.S.C. §1391, since the cause of action, the underlying actions, and the conduct alleged to have caused the injuries occurred and/or arose in this district, specifically Orleans Parish, and all parties are domiciled in and/or conduct their affairs in, and/or are residents of this district, specifically Orleans Parish.

**3.**

This court has supplemental and pendent jurisdiction over the Louisiana state law claims, pursuant to 28 U.S.C. § 1367, including but not limited to Louisiana Civil Code article 2315, Louisiana Revised Statute 23:301 *et seq.*, other noted Louisiana laws and the Louisiana Constitution.

**4.**

Made plaintiff is VICTORIA HARRIS, an individual of full age of majority residing in the Parish of Orleans, State of Louisiana, who was employed as a sheriff's deputy in the Orleans Parish jail system from August 2017, until her apparent constructive discharge occurring at an unknown time in 2018.

**5.**

Made Defendants are:

a. ORLEANS PARISH SHERIFF MARLIN N. GUSMAN, a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana, who at all times pertinent hereto was and is the elected sheriff of Orleans Parish and the chief law enforcement officer of the Orleans Parish Sheriff's Office.  Upon information and belief, Sheriff Gusman is, and at all relevant times was, a policy-making official of the Orleans Parish Sheriff's Office.  At all relevant times, Sheriff Gusman is the individual charged with the duty and granted the authority to render final decisions regarding employment actions for appointed deputies, arrest, detention and investigation policies, anti-harassment and anti-discrimination policies, and all other relevant policies and procedures that may come up in the due course of the timeframe covered in this lawsuit. He is sued in both his individual capacity and his official capacity;

b.   SERGEANT DEPUTY BRANDON SAVAGE a person of the full age of majority and upon information and belief domiciled in the Parish of Orleans, State of Louisiana, who at all times pertinent hereto was a sheriff's deputy law enforcement officer appointed and employed by the Orleans Parish Sheriff's Office and Sheriff Marlin Gusman. He is sued in both his individual capacity and his official capacity;

c.   MAJOR DEPUTY NICOLE HARRIS, a person of the full age of majority and upon information and belief domiciled in the Parish of Orleans, State of Louisiana, who at all times pertinent hereto was a POST certified sheriff's deputy law enforcement officer appointed and employed by the Orleans Parish Sheriff's Office and Sheriff Marlin Gusman. And, at all relevant times was, a policy-making official of the Orleans Parish Sheriff's Office and the individual charged with the duty and granted the authority to render decisions related to the Orleans Parish jail system, and related to employment actions for appointed deputies, arrest, detention and investigation policies, anti-harassment and anti-discrimination policies, and all other relevant policies and procedures that may come up in the due course of the timeframe covered in this lawsuit. Major Harris is sued in both her individual capacity and her official capacity; and,

d.   INTERNAL AFFAIRS INVESTIGATION DEPUTY (AGENT) KEVIN TALLEY a person of the full age of majority and upon information and belief domiciled in the Parish of Orleans, State of Louisiana, who at all times pertinent hereto was a sheriff's deputy law enforcement officer appointed and employed by the Orleans Parish Sheriff's Office and Sheriff Marlin Gusman. He is sued in both his individual capacity and his official capacity.

## FACTS

**6.**

Victoria Harris, began working for the Orleans Parish Sheriff's Office as a deputy in the jail in August 2017.

**7.**

Ms. Harris has been suspended without pay for unidentified reasons since December 14, 2017, and is presumed to have been terminated.

**8.**

Ms. Harris was routinely and regularly subjected to a hostile environment with male deputies discussing openly female deputies' bodies, sexiness, and other inappropriate topics.

**9.**

Male deputies openly described and articulated their sexual desires, their intentions and hopes of being with and interests in female deputies.

**10.**

Ms. Harris was continually pursued by her immediate supervisor, Sgt. Deputy Brandon Savage.

**11.**

Savage continually tried to get Ms. Harris to go places alone with him in the jail so that he could act inappropriately towards her.

**12.**

She continually refused his advances, and continually told him if it didn't have to do with her job she didn't want to speak with him.

**13.**

He continually asked her to go for drinks after work.  Ms. Harris continuously refused Sgt. Savage's advances and told him repeatedly to stop harassing her.

**14.**

At one point, Ms. Harris saw an inmate that she knew from high school—Winder Degruy.

**15.**

She immediately told Sgt. Savage that she knew him, as required by OPSO policy.

**16.**

Ms. Harris, as well as all deputies, are not to be assigned or work in pods that house friends, family, etc.  Mr. Savage acknowledged this and told Ms. Harris he would not assign her to the area Degruy was assigned.

**17.**

OPSO jail is understaffed.

**18.**

In early December 2017, Ms. Harris and one other deputy were working in a pod area. Typically, there should be four deputies working this area—one up top, one in the middle and one in each pod.

**19.**

Because of the understaffing, Ms. Harris was in one pod and the other deputy in the other with no other deputies assigned to the area.

**20.**

A fight in the other deputy's pod broke out among the inmates.  Ms. Harris secured her pod and headed to the other pod to help stop the fight.

**21.**

Ms. Harris called for help on her radio.  Ms. Harris and the other deputy secured the pod.

**22.**

Minutes later, Sgt. Savage strolled in, complained about the fight and having his day disrupted.

**23.**

He then proceeds to hit on Ms. Harris.  Ms. Harris once again turns him down.

**24.**

After the fight, Ms. Harris was told by Sgt. Savage that she must work the docks rather than the

pods as punishment for a fight breaking out under her watch, despite it not being in her pod.

**25.**

Two days later, Ms. Harris was called to meet with Major Nicole Harris.

**26.**

Sgt. Savage suggested to Major Harris that the fight in the pod was the result of Ms. Harris'

mistake and had got out of hand because of Ms. Harris.

**27.**

Nothing could be farther from the truth- the pod was under another deputy's control and Ms.

Harris is the reason the fight stopped.  Ms. Harris responded to a call for help from a deputy in

trouble.

**28.**

As Major Harris began discussing Sgt. Savage's allegation, Ms. Harris immediately stopped

Major Harris and told her Sgt. Savage was making this story up and trying to get her in trouble

because of her continued refusal to: 1) go on a date with him, 2) flirt with him, 3) go into hidden

areas of the jail with him, 4) walk with him alone and 5) be subject to the daily harassment.

**29.**

Ms. Harris told Major Harris she wanted to file a formal complaint against Sgt. Savage for sex harassment.

**30.**

Major Harris informed Ms. Harris that she would look into this and take care of it.

**31.**

Major Harris told Ms. Harris the docks was enough punishment for anything she may have done wrong with regards to the fight.

**32.**

Ms. Harris never again heard from Major Harris or anyone else regarding this complaint of sex harassment, and, in fact, human resources director Johnette Staes refused to talk to Ms. Harris on the multiple follow up calls she made to the sheriff's department and human resources department.

**33.**

After Ms. Harris's meeting with Major Harris, she has a few scheduled days off from work.

**34.**

Upon arriving to work on December 13, 2017, after reporting sex harassment, Ms. Harris was met at the security check-in and taken into custody by internal affairs (IA) sheriff deputy (agent) Kevin Talley.

**35.**

Ms. Harris was informed that she had been accused of bringing contraband into the jail and giving it to inmate Degruy.

**36.**

IA deputy Talley state that they were informed of this by an internal source in the department, but will not name the source.

**37.**

Ms. Harris had her Miranda rights read to her, and was told if she did not permit a search of her body she would be arrested and booked on a contraband charge.

**38.**

Ms. Harris eventually allows the search feeling she had no other choice—failing to capitulate would cost Ms. Harris her job and her freedom.  Knowing she had no contraband on her and did not participate in the alleged action, Ms. Harris allowed the search.  Ms. Harris denies all allegations against her to IA deputy Talley.

**39.**

No contraband is found on Ms. Harris.

**40.**

On December 14, 2017, Ms. Harris is informed by memorandum from IA deputy Talley, that she is being placed on administrative leave for "an allegation that [she] acted in a manner unbecoming of a Deputy and employee with the Orleans Parish Sheriff's Office."

**41.**

Ms. Harris has not ever been informed of the acts she allegedly engaged in that were unbecoming of a deputy.

**42.**

Since the actual culprit of the contraband issue was determined at about the same time as the administrative leave memorandum was issued, it can only be assumed that the unbecoming behavior was Ms. Harris's demand of a work environment free from sex harassment.

**43.**

As a pattern and practice of the Orleans Sheriff's office, Ms. Harris is never told why she is truly being suspended, never is entitled to communicated with the human resources or other departments, never told the results of any employment investigation and is never provided termination papers or told she is terminated.

**44.**

Orleans Parish's sheriff's office has a pattern and practice, and/or a policy, written or unwritten, official or unofficial, that a female employee that complains of sex harassment is to be suspended indefinitely, hoping that eventually the employee will simply find another job elsewhere and move on.

**45.**

Orleans Parish Sheriff's Office has a pattern and practice, and/or a policy, written or unwritten, official or unofficial, of not investigating sex harassment complaints.

**46.**

Based on information and belief, Sgt. Savage was notified of Ms. Harris' allegation of sex harassment, and, knowing that Degruy was receiving contraband, and knowing that Ms. Harris had previously said she knew Degruy, Sgt. Savage falsely informed IA (or had IA falsely informed by another) that Ms. Harris was engaging in actions of bringing contraband into the jail

in an attempt to have Ms. Harris fired and charged with a crime because of her refusal to acquiesce to his advances.

**47.**

Sgt. Savage knew it could not possibly be Ms. Harris since she had not been near the pods (he issued the punishment of her to the docks and was her immediate supervisor who knew her work schedule and days off).

**48.**

Sgt. Savage knew prior to her assignment to the docks and her days off that Ms. Harris's assignments on the pods were in the woman's pods where the fight occurred and nowhere near Degruy.

**49.**

With a quick, short and proper investigation the internal affairs officers should have discerned that Ms. Harris could not have been bringing contraband into the jail to Degruy based on Degruy's receipt of such when Ms. Harris was not working in the jail at the relevant times.

**50.**

On December 19, 2017, Oshen Heilman, another deputy, was arrested and charged with being romantically involved with another inmate and bringing contraband into the jail—including contraband for Degruy.

**51.**

Despite this finding and arrest of Deputy Heilman, Ms. Harris is kept on suspension by the Orleans Parish Sheriff.

**52.**

Ms. Harris's employment records are not cleared of the alleged wrongdoing even though conclusively she is not involved.

**53.**

Ms. Harris in not called to return to work.

**54.**

Ms. Harris has repeatedly attempted to get in contact with human resources representatives, including human resources director Johnette Staes, to see when she can return to work, however, the human resources department will not accept her calls and refuses to speak to her.  The human resources department refuses to accept any additional complaints or acknowledge Ms. Harris's existing complaint of sex discrimination.

**55.**

Ms. Harris has never been allowed to return to work.  She is never given a reason for the continuation of her suspension.  She is never terminated.

**56.**

Plaintiff was exposed to a hostile work environment continuously while working at Orleans Parish Sheriff's office.

**57.**

Plaintiff was falsely accused of bringing contraband into the workplace in retaliation for her reporting sex harassment and/or for refusing to accept sexual advances by Sgt. Savage.

**58.**

Plaintiff was falsely arrested and/or placed into custody in retaliation for reporting sex harassment and/or for refusing to accept sexual advances by Sgt. Savage.

**59.**

Plaintiff was falsely accused of a crime in retaliation for reporting sex harassment and/or for refusing to accept sexual advances by Sgt. Savage.

**60.**

Plaintiff was falsely imprisoned by Orleans Parish Sheriff's deputies in retaliation for reporting sex harassment and/or for refusing to accept sexual advances by Sgt. Savage.

**61.**

Plaintiff was suspended from employment without pay in retaliation for her reporting sex harassment and/or for refusing to accept sexual advances by Sgt. Savage.

**62.**

Plaintiff was constructively discharged in retaliation for her reporting sex harassment and/or for refusing to accept sexual advances by Sgt. Savage.

**63.**

Plaintiff's physical attributes were frequently discussed in the workplace by male co-workers.

**64.**

Plaintiff was frequently subjected to hearing or learning of statements of the sexual acts, including forceful unwanted acts, that male co-workers, including male deputies, would like to do to her.

**65.**

Plaintiff was exposed to a work environment that was hostile in nature based upon her sex, Female; conversely, had Plaintiff been a Male employee in the same position, she likely would not have been subjected to the treatment defendants exposed her too.

**66.**

Defendant Sheriff Gusman, Major Harris, and internal affairs deputy Talley failed to properly respond and investigate plaintiff's complaints and reports of sex discrimination, and rather, engaged or allowed plaintiff to be harassed, falsely accused of a criminal act, falsely imprisoned, falsely searched, seized, intimidated, threatened, suspended, and constructively terminated in order to intimidate plaintiff in an effort to stop her from reporting  and/or dropping her allegations of sex harassment.

**67.**

Defendant's reason, if a reason exists, for terminating and/or suspending plaintiff was pretext.

**68.**

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission and the Louisiana Commission on Human Rights alleging the above facts and discrimination discussed herein.

**69.**

Plaintiff has requested her notice of right to sue from the EEOC and is awaiting issuance of the notice.  (Plaintiff will supplement and amend her complaint upon receipt of the notice of right to sue.)

**70.**

At all times relevant to the facts described above, each and every defendant was acting in his personal individual capacity as well as official capacity under the color of law.

**71.**

Sgt. Savage, Major Harris, IA deputy Talley and Sheriff Gusman acted in concert and conspired in order to deprive Ms. Harris of her rights, under color of law, and as such are liable unto plaintiffs, individually, officially, jointly, *in solido* and severable.

**72.**

Sgt. Savage, Major Harris, IA deputy Talley and Sheriff Gusman, jointly or individually, acted out of malice in their actions towards Ms. Harris, as described above.

**73.**

Sgt. Savage, Major Harris, IA deputy Talley and Sheriff Gusman, jointly or individually, allowed and/or caused Ms. Harris's false imprisonment, false arrest, false detainment, false accusations and other related actions occur despite no apparent violation of law and without probable cause of a violation of law.

**74.**

Sgt. Savage, Major Harris, IA deputy Talley and Sheriff Gusman, jointly or individually, conspired to cover up any wrongdoings related to sex harassment occurring against Ms. Harris in the workplace.

**75.**

Sgt. Savage, Major Harris, IA deputy Talley and Sheriff Gusman, jointly or individually, retaliated against Ms. Harris for her reporting of sex harassment in the workplace.

**76.**

Sgt. Savage, Major Harris, and/or IA deputy Talley, individually or jointly, actions were done and/or taken pursuant to customs, policies and practices of the Orleans Parish Sheriff's Office, or they were ratified, condoned, permitted or acquiesced in by Major Harris and/or Sheriff Gusman

or others who make policy in the Orleans Parish Sheriff's Office.  These customs, policies and practices include defendants ignoring of Ms. Harris's civil rights, constitutional rights, including without limitation the right to be free from unlawful seizure, unlawful search, unlawful sex harassment, unlawful touching, unlawful retaliation, false arrest, and/or false imprisonment.

**77.**

Sgt. Savage, Major Harris, IA deputy Talley and Sheriff Gusman, jointly or individually, violated established rights of Ms. Harris, including but not limited to the right to be free from unlawful police actions that deprive an individual of her rights, liberties and due process under the Fourth and Fourteenth Amendments.

**78.**

Sgt. Savage, Major Harris, IA deputy Talley and Sheriff Gusman, jointly or individually, defamed Ms. Harris through incident, investigation and/or arrest reports as well as other writings, all of which constitute writings and publication under Louisiana law.

**79.**

Sheriff Gusman and the Orleans Parish Sheriff's Office has acted with deliberate indifference to the constitutional rights of Ms. Harris, having established, promulgated, implemented and/or maintained the following customs, policies or practices that were the proximate cause and a moving force in violations of Ms. Harris's rights under the U.S. Constitution, Louisiana Constitution with deliberate indifference to the civil rights of the members of the public, including but not limited to:

    1) Failing to adequately train, supervise, and/or teach on anti-harassment, anti-discrimination and equal rights and protections based on sex;

2)  Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors of the constitutional limits of their authority and proper arrest, detainment, search, and seizure procedures;

3)  Failing to adequately train, supervise and/or discipline law enforcement officers and supervisors with regard to the appropriate establishment of probable cause justifying arrest;

4)  Failing to adequately train, supervise and/or discipline law enforcement officers and supervisors with regarding to truthfulness and accuracy in reporting employment issues, completing investigative reports, police reports, incident reports and other documentation of events;

5)  Failing to adequately train, supervise and/or discipline law enforcement officers and supervisors on proper police procedure within the boundaries of the Fourth Amendment of the United States Constitution;

6)  Failing to adequately train, supervise and/or discipline law enforcement officers and supervisors on proper police tactics and in-the-field procedures and actions to prevent false arrests, prevent unlawful detention/imprisonment, fabrication of probable cause, or falsification of reports;

7)  Failing to adequately train, supervise and/or discipline managers, supervisors, human resources employees and/or law enforcement officers on the proper procedures in investigating, handling, reporting, documenting and dealing with discrimination protected under the federal and/or state laws;

8) Failing to adequately train, supervise and/or discipline law enforcement officers and supervisors on making false charges against persons who have not committed any crime or public offense;

9) Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Sheriff's Department knew or should have known, or had actual or constructive notice of dishonest behavior, engaging in intimidation, engaging in harassment/discrimination and retaliation, and making unlawful or baseless arrests;

10) Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate or determine the truthfulness of reports;

11) Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the appropriateness and lawfulness of an arrest or detention;

12) Permitting, allowing, condoning, encouraging, or failing to train on the improperness of covering up acts of misconduct and/or acts of violations of rights of individuals, and/or retaliation against individuals, including but not limited to, false arrest, false imprisonment, dishonesty by officers, harassment and/or discrimination;

13) Rewarding, praising, condoning or ignoring harassment, discrimination and/or retaliatory actions;

14) Rewarding, praising, participating in, approving, or condoning department-wide "thin blue line" or "code of silence" among fellow officers and within the department thus amounting to allowing or encouraging harassment, discrimination, dishonesty and perjury by officers and employees.

17

The above discussed, as well as unknown but believed to be additional, customs, policies and practices was known to the Sheriff and Sheriff's Department as highly likely and probable to cause violations of the U.S. Constitution.

## CAUSES OF ACTION

### 80.

Plaintiff now timely brings this lawsuit to enforce her rights and privileges afforded under:

    a.  Title VII of the Civil Rights Act of 1964, as amended;

    b.  Louisiana Employment Discrimination Statutes, La. R.S. § 23:302 *et. seq.*;

    c.  Louisiana Whistleblower Statute, La. R.S. § 23:967;

    d.  42 U.S.C. § 1981;

    e.  42 U.S.C. § 1983;

    f.  Louisiana Civil Code article 2315 for false imprisonment, false arrest, unlawful touching, assault, battery, defamation, intentional and/or negligent infliction of emotional distress,

    g.  Constitutional deprivation of rights under the U.S. Constitution; and

    h.  Any other federal or state laws of a relevant or related nature, as well as any claims under equity.

Ms. Harris is entitled to punitive damages under 42 U.S.C. § 1983, as defendants' conduct was motivated by malice or a reckless or callous indifference to Ms. Harris's protected rights.

## JURY DEMAND

### 81.

Ms. Harris requests and demands a trial by jury as authorized under the Federal Rules of Civil Procedure, Rule 38(b).

**PRAYER**

**82.**

**WHEREFORE,** plaintiff Victoria Harris, respectfully requests this Honorable Court to render Judgment in favor of Victoria Harris and against defendants, jointly, severally, and *in solido*, Orleans Parish Sheriff Marline N. Gusman and the Orleans Parish Sheriff's Office, Nicole Harris, Brandon Savage, and Kevin Talley, for:

1) A declaration that defendants' conduct deprived plaintiff of her rights, privileges, and immunities secured by the United States Constitution and United States law;

2) Enjoin and permanently restrain defendants from engaging in such unlawful practices and an injunction prohibiting defendants from engaging in the complained of illegal and unlawful acts and misconduct;

3) Reinstate plaintiff to the position of sheriff's deputy and return to the position which she would have attained but for defendants' illegal and unlawful acts and misconduct, or alternatively, award plaintiff back pay and front pay in lieu of returning to the position of sheriff's deputy;

4) Award plaintiff all earnings and benefits she did not receive because of the actions of defendants including but not limited to back pay, pre-judgment interest, and any other lost benefits;

5) Award plaintiff damages for her pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, loss of consortium, humiliation, and infliction of emotion distresses as well as all available general, economical, compensatory, punitive damages, and any other damages learned of or determined during the course of the litigation of this complaint;

19

6)  Reasonable attorney's fees, costs and judicial interest from the date of demand; and,

7)  All other relief which this Honorable Court may find appropriate.


Respectfully submitted,                                    AND

_____                    MICHAEL COLLINS (#29129)
BRYCE G. MURRAY, JA, (#28968)                **THE COLLINS LAW FIRM, LLC**
JENNY A. ABSHIER (#32984)                      2901 Division Street, Suite 102
**BIG EASY LAW GROUP, LLC**                      Metairie, Louisiana 70002
3939 Veterans Memorial Blvd., Suite 215    Telephone:  (504) 900-8009
Metairie, Louisiana 70002                         Facsimile:  (504) 900-8019
Telephone:  (504) 484-9696                      Email: mcollins@collinsattorney.com
Facsimile:  (866) 596-2555
Email: Bryce@brycemurray.com
        Jenny@bigeasybk.com                       *Attorneys for Plaintiff Victoria Harris*


SERVICE TO BE MADE:

**ORLEANS PARISH SHERIFF MARLIN N. GUSMAN,** *individually and officially*
2800 Perdido Street, New Orleans, Louisiana 70119

**DEPUTY BRANDON SAVAGE,** *individually and officially*
2800 Perdido Street, New Orleans, Louisiana 70119

**MAJOR DEPUTY NICOLE HARRIS**, *individually and officially*
2800 Perdido Street, New Orleans, Louisiana 70119

**DEPUTY KEVIN TALLEY**, *individually and officially*
2800 Perdido Street, New Orleans, Louisiana 70119